GROSSMAN, PLAINTIFF-APPELLANT, v. DIEHM, ADMR., D. B. N., WITH WILL ANNEXED OF ESTATE OF JOSEPH P. SLAMEY, DECEASED, DEFENDANT-APPELLEE.

No. 25950. Motion No. 12548. Decided August 9, 1962.

*Mr. Ronald M. Benjamin* and *Mr. Albert F. Shulman*, for plaintiff-appellant.

*Messrs. Diehm & Farber*, for defendant-appellee.

*By the Court*: Defendant-appellee's application for rehearing asserts that the only claim advanced by plaintiff-appellant was that the motion for summary judgment was improper because the summary judgment statute was not applicable to this, a pending action. That question was decided adversely to the appellant, and to that portion of the decision appellee makes no objection.

There was, in fact, a second assignment of error, that the court erred in not dismissing appellee's summary judgment when there was a genuine issue of material fact proper for trial. This assignment was also regularly briefed and presented, and we found it well taken. Counsel for defendant-appellee challenges our reasoning, and our conclusions.

In the brief on the present application, counsel for defendant-appellee argues that there was no objection made to the plaintiff's deposition at the time of taking, or at the hearing before the lower court, or at the trial before this court. The last two references are obviously to the argument before this court and to the use of the deposition on the motion for summary judgment below.

Counsel also argues that Section 2317.03, Revised Code, does not disqualify plaintiff as a witness and does not preclude the fiduciary from examining such party. Despite this claim of right, they seem to feel that plaintiff's counsel have waived something by failing to object.

They seem to imply either that the deposition itself would be admissible upon trial, or that the taking of the deposition would render plaintiff's oral testimony admissible at the trial. We are unable to follow this reasoning.

If they are contending only that the deposition was properly considered upon the motion for summary judgment, we seriously doubt that the word "deposition" contained in Section 2311.041 (V), Revised Code, can be construed to include the deposition of a party upon a subject as to which he is forbidden by law to testify.

But be that as it may, we did not, as counsel appear to feel, simply "throw the deposition out" without being asked to do so. We had some misgivings as to whether it was actually part of the record; but as we observed in the opinion, we did examine it because counsel had stipulated that we might do so. In fact, we analyzed and construed its contents in arriving at our conclusion.

Having done so, we found that granting the present admissibility of the deposition and that plaintiff was bound by her own statements contained therein, there nevertheless remained genuine issues as to material facts, to which we made reference, and that the moving party was not entitled to judgment as a matter of law.

The application for rehearing is accordingly denied.

Exceptions.

CRAWFORD, P. J., KERNS and SHERER, JJ., concur.